Vincent A. Lupiano, J.
Defendant moves for summary judgment dismissing the amended complaint. The application is based on the defense that under the contract in suit, plaintiff’s action is time-barred and it is time-barred if, as defendant contends, a six-month limitation is applicable. The right to terminate the contract in the event of a default on the part of the contractor is granted to the city under article 15 of the contract. The limitation on which the defendant relies is found in article 30 of the contract, which reads as follows: “No action shall lie or be maintained by the Contractor, or anyone claiming under the Contractor, against the City upon any claim arising *524 out of or based upon this contract or by reason of any act or omission or requirement of the City or its agents * * * or, if this contract is terminated or declared abandoned under the provisions of Section 17 hereof, such action is commenced within six months after the date of such termination or declaration of abandonment by the City. The Contractor or anyone claiming under the Contractor, shall not be entitled to any additional time to begin anew any other action if an action be commenced within the time herein specified be dismissed or discontinued, notwithstanding any provision in the Civil Practice Act to the contrary.” (Emphasis added.) Section 17 therein mentioned refers to the proposal for bids and it provides as follows: “ Section 17. Notice to Commence Work — Right to Withdraw from Contract. If, within thirty (30) days after the execution of the contract, the Commissioner fails to fix the date for commencement of work by written notice to the bidder, the bidder, at his option, may be asked to be relieved of his obligation to perform the work called for, by written notice to the Commissioner. If such notice is given, the bidder waives all claims for delay or anticipated profits. ’ ’ Notice of termination on behalf of the city was given by letter, dated March 10, 1961, and therein it is stated- that such notice was given in accordance with the provisions of article 15. Section 17 contains no limitation and the defendant asserts that reference to section 17 was made in article 30 by error and what was intended, with knowledge on the part of both parties, was article 15 of the contract.
This action has not been commenced by plaintiff in pursuance of the provisions of section 17. Rather, it is brought to recover damage which it claims to have sustained and for which defendant is liable by reason of its termination of the contract.
A mistake of the character here involved does not necessarily result in ambiguity. What the defendant seeks is the enforcement of the contract as interpreted. Both parties concede the absence of ambiguity. The mistake is not of the character, as plaintiff contends, that would require reformation. There can be no termination by the city under section 17 and the limitation provided in article 30 relates only to termination or declaration of abandonment by the city. Abandonment by the city is the subject of article 15. The provisions of article 30 would have sufficed without reference either to section 17 or article 15, and the import of the provisions involved are clear and unambiguous and remain so despite the mistaken reference.
The parties argue their relative positions upon the basis of provisions contained in many prior contracts made between the defendant and city departments and the plaintiff. As *525 stated in American Jurisprudence (vol. 12, Contracts, p. 783): “ Where the terms employed to express some particular condition of a contract are ambiguous and cannot be satisfactorily explained by reference to other parts of the contract and the parties have made other contracts in respect of the same subject matter, apparently in pursuance of the same general purpose, it is always permissible to examine all of them together in aid of the interpretation of the particular condition; and if it is found that the ambiguous terms have a plain meaning by a comparison of the several contracts and an examination of their provisions, that meaning should be attributed to them in the particular condition.” Here, actually, no ambiguity exists; the subject contract contains interior evidence in support of the defendant’s contention and the other contracts relied on do likewise. It is the court’s duty to examine the contract and to determine whether the “ agreement should be interpreted as a whole and the meaning gathered from the entire context, and not from particular words, phrases, or clauses. In fact the entire agreement is to be considered to determine the meaning of each part. All provisions should, if possible, be so interpreted as to harmonize with each other. ® * <s
‘ ‘ A written contract should be interpreted according to the obvious intention of the parties, notwithstanding clerical errors or omissions therein which can be corrected by perusing the whole instrument. If an improper word has been used or a word omitted, the court will strike out the improper word or supply the omitted word if from the context it can ascertain what word should have been used.” (12 Am. Jur., Contracts, 772-773, 775.)
Plaintiff argues it relied on the words as expressed and, therefore, it must be taken that plaintiff has brought suit for damage under section 17 of the proposal for bids, urging a claim for damage arising from causes other than delay or anticipated profits. The difficulty with this position is that plaintiff is not suing to recover damage resulting from its cancellation following the defendant’s abandonment of the contract. Since article 30 created a limitation with respect to action following termination by the defendant and termination by the defendant occurs under article 15, there is no room for relief in the circumstances here pursuant to the provisions of section 17 or for any contention that plaintiff was misled. This is particularly so since plaintiff insists the contract is not ambiguous and does not dispute the requirement that the contract is to be read in its entirety. Accordingly, the motion is granted.